# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED UNITED STATES COMMON LAW GRAND JURY,<br><br>　　　　Plaintiff<br><br>v.<br><br>UNITED STATES SUPREME COURT, et. al.<br><br>　　　　Defendants | Case No.: 3:19-cv-00533-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 1-1 |

　　　　This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

　　　　Plaintiff United United States Common Law Grand Jury filed a complaint on August 26, 2019, but it was not accompanied by either the $400 filing fee or an application to proceed in forma pauperis. In addition, the complaint is brought under the heading of the "United States District Court for the Northern District of New York" in Albany, New York, but was filed in the District of Nevada, in Reno, Nevada. The complaint names the United States Supreme Court in care of Chief Justice John G. Roberts, Jr., the United States Court of Appeals in New York, in care of Chief Judge Robert Katzman, the Federal Judiciary, and the United States Senate and House of Representatives. (ECF No. 1-1 at 1.)

　　　　The complaint states that it is brought under the "Jurisdiction Natural Law" by United States Grand Jury as a sovereign. It discusses the "unalienable right of self-rule" among other things.

Preliminarily, the court notes that Plaintiff's filings contain multiple indicia of its adherence to the "sovereign citizen" anti-government movement. As one court described it:

> Though the precise contours of their philosophy differ among the various groups, almost all antigovernment movements adhere to a theory of a 'sovereign' citizen. Essentially, they believe that our nation is made up of two types of people: those who are sovereign citizens by virtue of Article IV of the Constitution, and those who are 'corporate' or '14th Amendment' citizens by virtue of the ratifications of the 14th Amendment. The arguments put forth by these groups are generally incoherent, legally, and vary greatly among different groups and different speakers within those groups. They all rely on snippets of 19th Century court opinions taken out of context, definitions from obsolete legal dictionaries and treatises, and misplaced interpretations of original intent. One of the more cogent [—] in the sense that it is readily followed— arguments is that there were no United States citizens prior to the ratification of the 14th Amendment. All Americans were merely citizens of their own state and owed no allegiance to the federal government. As a result of that amendment, however, Congress created a new type of citizen—one who now enjoyed privileges conferred by the federal government and in turn answered to that government.
>
> One of the ramifications of this belief is the dependent belief that, unless one specifically renounces his federal citizenship, he is not the type of citizen originally contemplated by the Constitution. And, in their view, the Constitution requires all federal office holders to be the original or sovereign type of citizen, a state citizen rather than a United States citizen. As a result, all federal officers are holding office illegally and their laws and rules are thus constitutionally suspect.

*United States v. Mitchell*, 405 F.Supp.2d 602, 605 (D.Md. 2005) (internal citation and quotation marks omitted).

Other courts have described a similar theory based on the belief that passing the Fourteenth Amendment led to fictitious entities:

> Supposedly, prior to the passage of the Fourteenth amendment, there were no U.S. citizens; instead, people were citizens only of their individual states. Even after the passage of the Fourteenth Amendment, U.S. citizenship remains optional. The federal government, however, has tricked the populace into becoming U.S.

2

>citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (*i.e.*, the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.

*Bryant v. Wash. Mut. Bank*, 524 F.Supp.2d 753, 758 (W.D. Va. 2007).

"The attempt to divide oneself into two separate entities … is a legal fiction and has been struck down consistently in courts and around the country. *See Santiago v. Century 21/PHH Mortg.*, 2013 WL 1281776, at *5 (N.D.Ala. Mar. 27, 2013) (citing cases).

Plaintiff's filing makes it evident that it adheres to the same type of "sovereign citizen" theories that have been flatly rejected by this nation's courts. This court, like others across the country, concludes that "'sovereign citizens,' like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside." *Paul v. New York*, 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (quotation marks and citations omitted). "[T]he conspiracy and legal revisionist theories of 'sovereign citizens' are not established law in this court or anywhere in this country's valid legal system." *Id*. (citation and quotation marks omitted); *see also United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003) ("Laws of the United States apply to all persons within its borders."); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.").

The court rejects Plaintiff's theories, and because Plaintiff did not pay the filing fee or submit an IFP application, dismissal of this action is recommended.

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING THIS ACTION WITH PREJUDICE.**

1. Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. This Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: June 9, 2020

William G. Cobb
United States Magistrate Judge